**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | )<br>) |
|     Plaintiff, | )  No.  CR 19-1213-TUC-CKJ<br>) |
| vs. | )<br>)  **ORDER** |
| Gabriel Rodriguez-McGoffin, | )<br>) |
|     Defendant. | )<br>) |

    The Court has been advised the purported author of a sentencing letter has requested a copy of the letter. In this district, character letters in support of sentencing are not generally retrievable by members of the public. *See* ECF Policies and Procedures Manual, § II.R. ("Character letters or a notice of such shall not be filed electronically unless otherwise ordered by the court."). The Court finds it is appropriate to provide a copy of the letter to the purported author for the reasons set forth herein.

    The Ninth Circuit Court of Appeals has stated:

> "The law recognizes two qualified rights of access to judicial proceedings and records ..." [*United States v. Bus. of Custer Battlefield Museum & Store Located at Interstate 90, Exit 514, S. of Billings, Mont.*, 658 F.3d 1188, 1192 (9th Cir. 2011)]. There is "'a First Amendment right of access to criminal proceedings' and documents therein." *Id*. (quoting *Press-Enter. Co. v. Super. Ct.*, 478 U.S. 1, 8 [] (1986) []). There is also "a common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id*. (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 [] (1978)). "The First Amendment is generally understood to provide a stronger right of access than the common law." *Id*. at 1197 n.7.

*United States v. Doe*, 870 F.3d 991, 996–97 (9th Cir. 2017).

In determining whether a qualified First Amendment right of public access applies to a particular proceeding or document, a court asks: "(1) 'whether the place and process have historically been open to the press and general public'; and (2) 'whether public access plays a significant positive role in the functioning of the particular process in question.'" *Id*. at 997 (citation omitted). Even when this "experience and logic" test is satisfied, however, the public's First Amendment right of access establishes only a strong presumption of openness, and "the public still can be denied access if closure 'is necessitated by a compelling governmental interest, and is narrowly tailored to serve that interest.'" *Id*. (citation omitted).

The common law public right of access to judicial proceedings and records exists in both criminal and civil cases. *United States v. Wecht*, 484 F.3d 194, 207-08 (3rd Cir. 2007). However, a "narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons." *Bus. of Custer Battlefield Museum & Store*, 658 F.3d at 1192 (citations omitted). Indeed, a court has the inherent power to permit documents to be filed under seal in appropriate circumstances. *United States v. Mann*, 829 F.2d 849 (9th Cir. 1987). The Ninth Circuit has stated:

> Unless a particular court record is one traditionally kept secret, a strong presumption in favor of access is the starting point. A party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by meeting the compelling reasons standard. That is, the party must articulate compelling reasons supported by specific factual finding that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process. In turn, the court must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret. After considering theses interests, if the court decides to seal certain judicial records, it must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture.

*Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006), *citations and quotation marks omitted*. Additionally, the "mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id*., at 1179, *citing Foltz v. State Farm Mutual Auto. Insurance Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003).

Under the First Amendment and common law rights to access, the Court considers that criminal case files, their documents and their proceedings have historically been open to the press and general public. Further, that open access plays a significant positive role in criminal proceedings. The Court finds there is a strong presumption of openness and access under the First Amendment and the common law rights of access.

If the Court were to decline to provide a copy of the letter to the purported author, the Court's action would be akin to sealing the letter. There are multiple reasons which may qualify as "compelling" for purposes of sealing documents. *See e.g. Kawakana*, 447 F.3d at 1184) (identifying two types of documents as 'traditionally kept secrets': grand jury transcripts and warrant materials during the pre-indictment phase of an investigation); *Lombardi v. Tri West Healthcare Alliance Corp.*, 2009 WL 1212170 * 1 (D.Ariz.) (allowing the defendant to file exhibits under seal where they contained "sensitive and personal medical information); *Network Appliance, Inc. v. Sun Microsystems, Inc.*, 2010 WL 841274 (N.D.Cal) (the need to protect proprietary information (see); *Asdale v. International Game Technology*, 2010 WL 2161930 (D.Nev.) ("The public interest in accessing the courts does not outweigh the compelling need to ... honor the attorney-client privilege and the workproduct doctrine.").

A district court's discretion to seal the record of a proceeding "'is to be exercised charily.'" *S.E.C. v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993) (citation omitted). This is because public access to judicial records promotes trust in the process, *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1087 (9th Cir. 2014), judicial accountability and education about the judicial process, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1134 (9th Cir. 2003); *see also United States v. Carpenter*, 923 F.3d 1172, 1179 (9th Cir. 2019) (citation omitted) (court's balance of interests "is a 'discretion to be exercised in light of the relevant facts and circumstances of the particular case'").

Courts addressing whether sentencing memoranda should be kept under seal consistently find that, because the documents are judicial records, absent unusual

1  circumstances, the sentencing memoranda do not contain the type of information that
2  typically outweighs the public's right of access. *See e.g., United States v. Chanthaboury*, No.
3  2:12–cr–00188–GEB, 2013 WL 6404989 (E.D.Cal. 2013); *United States v. Kushner*, 349
4  F.Supp.2d 892, 905 (D.N.J. 2005); *United States v. Milken*, 780 F.Supp. 123, 126-27
5  (S.D.N.Y. 1991) (although government has interest in sealing ongoing criminal
6  investigations and defendant has interest in sealing information relating to intimate affairs,
7  court must insure any limitation considers the alternatives and is tailored to the circumstances
8  of the individual case).  More specifically, courts have determined that there was a common
9  law right of access to sentencing letters. *See e.g., United States v. Kravetz*, 706 F.3d 47, 57-
10 58 (1st Cir. 2013); *United States v. Corbitt*, 879 F.2d 224, 240 n. 20 (7th Cir. 1989) (referring
11 to testimonial sentencing letters as non-confidential); *United States v. Gotti*, 322 F. Supp. 2d
12 230, 250 (E.D.N.Y. 2004) ("If the court gives little weight to the letters, the privacy rights
13 of the writers should be accommodated; however, if the letters should have a significant
14 impact on the court's sentence, the public is entitled to know this.").

15        Moreover, the Court places significant weight on the fact that the person requesting
16 a copy of the letter is the purported author. *See* Copyright Protection for Private Letters, 87
17 A.L.R. Fed. 871 (originally published in 1988) (an author's right to publish a letter may
18 include the right to copy or to obtain copies; an author retains the general property rights in
19 his manuscript, including the copyright).  Because the person requesting the letter is the
20 purported author, any concerns that the disclosure of third-party letters may discourage
21 valuable input from the community during the sentencing process[,]" *Kravetz*, 706 F.3d at
22 58. or play into a "morbid craving for that which is sensational and impure[,]" *Mirlis v.
23 Greer*, 952 F.3d 51, 63 (2d Cir. 2020), *citation omitted*, are not implicated.  Further, as the
24 requesting person is the purported author, any concern of disclosure of private information
25 is similarly not implicated. *See e.g.*, *United States v. Jager*, No. CR 10-1531 JB, 2011 WL
26 13285416, at *4 (D.N.M. June 23, 2011).

27
28

The Court finds the purported author of the letter is entitled to receive a copy of the letter.

Accordingly, IT IS ORDERED:

1. The Probation Office shall provide the purported author of the sentencing letter a copy of this Order and a copy of the sentencing letter.

2. The Probation Office shall provide a copy of this Order to Defendant.

DATED this 25th day of August, 2021.

*Cindy K. Jorgenson*
Cindy K. Jorgenson
United States District Judge